UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY JENSEN, an individual, and TULIP VALLEY FARMS, LLC, a Washington State limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SKAGIT COUNTY, a municipal entity, and TOM WENZL, in his official capacity,<br><br>Defendants. | CASE NO. 2:25-cv-01304-JHC<br><br>ORDER |

## I

## INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss the amended complaint. Dkt. # 18. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. For the reasons below, the Court DENIES Defendants' motion and STAYS the action pending the conclusion of the related state proceeding.

## II

## BACKGROUND

This case arises from a land use dispute in Skagit County.[1] Plaintiff Larry Jensen owns land in Skagit County. Dkt. # 13 ¶ 1. Plaintiff Tulip Valley Farms operates a tulip farm on that land.[2] Dkt. # 13 ¶ 2. Defendants are Skagit County and Thomas Wenzl, a code enforcement officer at the County. *Id.* ¶ 3.

In 2022, Plaintiffs planted tulip bulbs and placed several large shipping containers and a sign on the property. *Id.* ¶ 5. On or about March 29, 2023, Wenzl visited the property and posted a "Stop Work Order" (SWO) concerning the newly erected containers and the sign. *Id.* ¶ 6. Plaintiffs say that Wenzl placed the SWO on "an apparent conclusion and contention" that they had "(1) created a separate access onto the Property from Bradshaw Road without a County Access Permit as allegedly required by RCW 36.75.130; (2) added more than 100 yards of fill to the Property for the driveways without obtaining a Land Disturbance Permit pursuant to SCC 14.22.020, and a Floodway Development Permit as required by SCC 14.34.100; (3) failed to secure environmental reviews under the County Critical Areas Ordinance and State Environmental Protection Act; and (4) failed to secure necessary event permits as part of Tulip's operations during the annual tulip festival." *Id.* ¶ 7. Plaintiffs say that Defendants never notified them about any of these purported violations until issuing the SWO. *Id.* ¶¶ 8–9. Plaintiffs took down the containers (but do not say whether they took down the sign) on May 15, 2023. *Id.* ¶ 10.

[1] The factual background derives from allegations in Plaintiffs' Amended Complaint, Dkt. # 13, which the Court accepts as true on a motion to dismiss. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

[2] The amended complaint does not make clear the precise relationship between the two Plaintiffs.

On May 30, 2023, Defendants adopted a resolution titled, "A Resolution Authorizing Litigation to Abate a Public Nuisance by Larry R. Jensen" over the changes made to the Tulip Valley Farms property. *Id.* ¶¶ 11–12. The amended complaint attaches the resolution as an exhibit. *See id.* at 17–20. Plaintiffs allege improprieties with the adoption of the resolution. They say that "Wenzl and/or other County officials . . . confirmed to the County commissioners that any action taken by the County for alleged violations of the County land use code had to be initiated by a 'Request for Investigation' completed by a concerned citizen or business," but that there was no citizen complaint submitted here. *Id.* ¶¶ 11–12. They say they never received notice of the public meeting adopting the resolution or an opportunity to dispute it. *Id.* They say the resolution "was adopted without recognition of County policies, nor subject to any notice or opportunity for Jensen and/or Tulip to respond," and that it "constitute[d] selective application of County ordinances" and "disparate treatment" of Plaintiffs. *Id.* ¶ 15. Plaintiffs also suggest that the resolution is "based upon an improper motive" and is "partially influenced by competitors and the desire and goal to interfere with" Plaintiff's operations. *Id.* ¶¶ 16, 23. Following the resolution's adoption, the County filed an action, *Skagit Co. v. Larry Jensen and Tulip Valley Farms LLC*, cause number 23-2-00625-29, in the Superior Court for Skagit County seeking to abate the purported nuisance. *Id.* ¶ 16. That case remains pending.

Based on the above, Plaintiffs advance four causes of action. They say the following violates their substantive and procedural due process rights:

> (1) processing and issuing the Stop Work Order without a required citizen complaint under, inter alia, SCC 14.44.210(1)(a) and 2(a) and County policy; (2) investigating and conducting an enforcement action based upon the Alleged Violations without a required citizen complaint; (3) failing to issue a stop work order or otherwise providing notice to Jensen and/or Tulip of the Alleged Violations; (4) failing to provide any opportunity for Jensen and/or Tulip to cure or dispute the Alleged Violations; (5) presenting and passing the Resolution without a required citizen complaint and without providing Jensen and/or Tulip with notice and opportunity to challenge; (6) selectively requiring Jensen and/or Tulip to secure

> approvals and permits, and advancing the Resolution based upon their failure to do so, while not requiring the same of similarly situated property owners; and (7) failing to comply with any of the notice and appeal opportunities provided under SCC Chapter 14.44 regarding the Alleged Violations.

*Id.* ¶¶ 21–23 (substantive due process claim); *id.* ¶¶ 28–30 (procedural due process claim). They also claim an equal protection violation based on the purported disparate treatment of Plaintiffs compared to other tulip-growing operations nearby. *Id.* ¶¶ 35–42. For these three claims, Plaintiffs seek recovery under 42 U.S.C. § 1983. *See id.* ¶¶ 25–26, 32–33, 42–43. Last, Plaintiffs claim tortious interference with business expectancy. *Id.* ¶¶ 44–50.

Defendants move to dismiss the amended complaint.[3] *See generally* Dkt. # 18. They raise three arguments. First, they contend that Plaintiffs' claims are subject to claim preclusion—a branch of judicata—because they either were raised or could have been raised in two actions filed in state court before this case. *See* Dkt. # 18 at 2, 9–12. Second, they argue that, because of the ongoing state proceedings, *Younger* abstention applies. *Id.* at 2, 12–16. Third, they argue that if the Court were to consider the merits of the amended complaint, it should dismiss because it fails to state a claim. *Id.* at 2–3, 16–29.

## III

## DISCUSSION

### A. Rule 12(b)(6) Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

[3] Defendants request that the Court take judicial notice of various filings from state court cases discussed throughout the parties' briefing and this Order. *See generally* Dkt. # 19. Plaintiffs do not oppose the request, and the Court grants it. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (citing Fed. R. Evid. 201).

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Dismissal is proper only if the plaintiff has not alleged a "cognizable legal theory" or there is an "absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd.*, 416 F.3d at 946. The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). But a "'court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

B. Analysis

The Court turns first to claim preclusion and then to *Younger* abstention. Because it concludes that *Younger* abstention, but not claim preclusion, applies here, the Court does not reach Defendants' Rule 12(b)(6) argument.

1. Claim preclusion

Before filing this case, Plaintiff Jensen filed two suits in state court related to the Tulip Valley Farms operation. In the first, he filed a complaint against Jack Moore and Wenzl on July 24, 2023, in a case captioned *Larry Jensen v. Jack Moore, and Tom Wenzl* (the Wenzl Action),

No. Y23-1063, in Skagit County District Court. *See* Dkt. # 23 (Ex. 3) at 22–29.[4] On August 21, 2023, Plaintiff filed another case at the same court against Richard Weyrich and William Honea, a county prosecuting attorney and a deputy prosecutor, in a case captioned *Larry R. Jensen v. William H. Honea, Richard A. Weyrich, and RLI Insurance Company*, No. 7-23-00999 (the Honea Action). *See id.* (Ex. 1) at 4–9.[5]

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). It "precludes relitigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits." *Weaver v. City of Everett*, 194 Wash.2d 464, 480 (Wash. 2019). To determine the preclusive effect of a state court judgment, the court looks to the law of the forum state, in this case Washington. *See Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161, 1165 (W.D. Wash. 2014) (citing *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005)). "The threshold requirement of res judicata is a final judgment on the merits in the prior suit." *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wash. 2d 853, 864, 93 P.3d 108, 114 (2004). After meeting this threshold requirement, the party seeking to assert claim preclusion "must establish four elements as between a prior action and a subsequent challenged action: "concurrence of identity . . . (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made." *Weaver*, 194 Wash.2d at 480 (citing *N. Pac. Ry. Co. v. Snohomish Cnty.*, 101 Wash. 686, 688, 172 P. 878

---

[4] The July 24, 2023 date reflects the filing of the original complaint in the Wenzel Action. On September 28, 2023, Jensen amended his complaint, and Defendants submit a copy of this amended, operative complaint as part of their motion. *See* Dkt. # 19 (Request for Judicial Notice (RJN) Ex. 3) at 45–56 (reproducing amended complaint).

[5] The complaint in the Honea Action was amended on September 1, 2023. *See* Dkt. # 19 (RJN Ex. 1) at 4–8 (reproducing amended complaint).

(1918)). "If any single requirement is lacking, the doctrine does not apply." *Hisle v. Todd Pac. Shipyards Corp.*, 113 Wash. App. 401, 410 (2002), *aff'd*, 151 Wash. 2d 853.

The Court determines that claim preclusion is not warranted here because at least three of the four requirements are not met.

*Judgment on Merits.* To begin, the two prior state court actions resulted in judgments on the merits. The judgment in the Wenzl Action dismissed the case on three grounds. The first was dismissal for lack of subject-matter jurisdiction because Plaintiff had neither filed his land-use related claim within 21 days of the County's action nor exhausted his administrative remedies. *See* Dkt. # 19 (RJN Ex. 4) at 123. The second conclusion was that he had "failed to file a tort claim with the County," barring his claims. *Id.* The third was that the case should be dismissed because Plaintiff's claims "fail under the law," which the Court interprets as meaning that he had failed to state a claim for his five claims. *Id.* at 124. Though the first ground (dismissal for lack of subject matter jurisdiction) does not give rise to claim preclusion in Washington, the third ground is on the merits. *See Peacock v. Piper*, 81 Wash.2d 731, 734, 504 P.2d 1124 (1973) (in Washington, "dismissal of a suit for lack of jurisdiction is not res judicata as a final decision upon the merits and does not operate as a bar to a subsequent action[.]") (citation omitted).

The Honea Action was dismissed because of claim preclusion based on the Wenzl Action, and because the court determined that Plaintiff had not stated a claim about the county officials' bonds. *See* Dkt. # 19 (RJN Ex. 2) at 41–43 (Honea Action).

Thus, the Wenzl and Honea Actions ended in judgments on the merits.

*Subject Matter.* The three cases do not share the same subject matter. The primary inquiry is whether the prior cases concerned the same substantive claims. *See Rains v. State*, 100 Wash. 2d 660, 663, 674 P.2d 165 (1983) (concluding that subject matter identity existed for

claim preclusion purposes because both actions in question concerned "the alleged deprivation of constitutional rights."). The substantive claims advanced in the Wenzl Action were two tort claims stemming from the allegedly improperly issued SWO. *See* Dkt. # 19 (RJN Ex. 4) at 50–53. And the substantive claim in the Honea Action was based on a statute permitting recovery from public officials if they did not validly possess bonds and committed some harm. *See id.* (RJN Ex. 2) at 7. These common law and statutory claims are different substantively from the federal constitutional claims and the derivative tort claim advanced here, which are based on purported procedural improprieties committed by the County. Dkt. # 13 ¶¶ 20–50. And while the Wenzl and Honea Actions may have been intended to frustrate Skagit County's enforcement of its ordinances against Plaintiffs, the fact that the state actions and this federal action may share a strategic aim does not alone provide a basis to find concurrence of identity of subject matter. Nor does the issue that the three cases arise from the same transactional nucleus of facts alter the conclusion, since the subject matter inquiry concerns the substantive claims.

*Persons & Parties.* The third and fourth elements require the identity "of persons and parties" and "in quality of the persons for or against whom the claim is made." *Weaver*, 194 Wash.2d at 480 (citation omitted). These two elements of the test appear to be coextensive, and the parties brief them as such. The issue here is whether Plaintiff Tulip Valley Farms, a nonparty in the Wenzl and Honea Actions, can be considered identical with Plaintiff Jensen. A "nonparty may have a concurrence of identity if the nonparty is in privity with a party." *Stevens Cnty. v. Futurewise*, 146 Wash. App. 493, 503 (2008) (citation omitted). And a "nonparty is in privity with a party if that party adequately represented the nonparty's interest in the prior proceeding." *Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP*, 161 Wash. 2d 214, 224, 164 P.3d 500 (2007) (discussing res judicata).

Here, the Court determines that the third and fourth elements are not adequately established. Plaintiff Tulip Valley Farms was not a party in the Wenzl and Honea Actions. For the Court to find privity between Plaintiff Jensen and Plaintiff Tulip Valley Farms, then, there would have to be reason to believe that Plaintiff Jensen "adequately represented" the latter's "interest" during the prior proceeding. *Feature Realty, Inc.*, 161 Wash. 2d at 224. But there is simply insufficient basis in the record for the Court to draw this conclusion. There is no allegation in the complaint or any fact in the materials submitted by Defendants that Plaintiff Jensen controls, owns, or bears some other relationship with Plaintiff Tulip Valley Farms to find privity. While it could well be the case that Plaintiff Jensen controls Plaintiff Tulip Valley Farms,[6] the Court will not make that assumption on a motion to dismiss, where it must draw inferences of fact in Plaintiffs' favor as the nonmoving party. Thus, the third and fourth elements of the claim preclusion test set out in *Weaver* are not met either.

*Causes of Action*. The Court need not reach this element because the first, third, and fourth requirements are not met. *See Hisle v. Todd Pac. Shipyards Corp.*, 113 Wash. App. at 410 ("If any single requirement is lacking, the doctrine does not apply.").

In summary, while there may have been judgments on the merits in the prior state cases, Defendants have not demonstrated three of the four elements in the claim preclusion test. Thus, the Court declines to apply claim preclusion to bar this case.

2. *Younger* abstention

Defendants argue that the *Younger* abstention doctrine requires dismissal of the case. Under *Younger* abstention, federal courts may not "stay or enjoin pending state court

---

[6] Defendants argue that the two parties "combine their interests throughout the complaint" and that nothing "suggests any divergence of interests between the two." Dkt. # 18 at 12. But the fact that two parties' interests converge or are the same in this litigation does not automatically mean that those interests were the same in prior litigation.

proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (2001). In civil cases, *Younger* abstention is appropriate "when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Comm'cns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2013). "If these 'threshold elements' are met," the court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.* (citing *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004)). The *Younger* exceptions consist of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief" frustrating the state proceeding." *Younger*, 401 U.S. at 54.

Defendants argue that the four elements of *Younger* abstention are met and that dismissal is appropriate because Plaintiffs' claim for damages is essentially fictive, so the real purpose of the federal suit is an injunction against the state proceedings. *See* Dkt. # 18 at 12–16. Plaintiffs concede the four *Younger* elements but argue that the federal action would not enjoin the state proceeding. *See* Dkt. 22 at 12–13. They also say that if *Younger* applies, it warrants a stay rather than dismissal. *Id.* at 14–15.

The Court agrees that the *Younger* doctrine's four threshold elements obtain and that the issue here is whether "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3 at 759. The Court concludes that this action would have that effect and that abstention is appropriate. The amended complaint advances constitutional claims under Section 1983 and a tort claim and seeks damages. *See* Dkt. # 13 ¶¶ 20–43. Actions for money damages under 42 U.S.C. § 1983, as here, may warrant abstention under *Younger* because "a federal court would necessarily have to determine whether the federal plaintiff's constitutional

rights were violated, and any such determination would have the same practical effect on the state proceedings as the injunctive relief condemned in *Younger*[.]" *Gilbertson*, 381 F.3d at 984. Ninth Circuit courts regularly determine that *Younger* abstention applies when federal plaintiffs raise constitutional challenges to land-use or zoning enforcement proceedings, including when federal plaintiffs raise Section 1983 claims. *See San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103–04 (9th Cir. 1998) (affirming lower court dismissal of claim related to hotel conversion because of *Younger* abstention); *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799–801 (9th Cir. 2001) (concluding that *Younger* abstention required dismissal of landlords' federal complaint raising Section 1983 claims); *Meritage Homes of California, Inc. v. City of La Verne*, 2018 WL 5928124, at *1–5 (C.D. Cal. Aug. 23, 2018) (dismissing property developers' Section 1983 suit because of *Younger* abstention); *Christison v. Lewis & Clark Cnty.*, 2009 WL 10701782, at *1 (D. Mont. June 11, 2009), *report and recommendation adopted*, 2009 WL 10701783 (D. Mont. July 23, 2009) (staying developers' Section 1983 case on *Younger* grounds).

The Court must also abstain from considering Plaintiffs' common-law claim for tortious interference with business expectancy. Granting relief on the claim would have the same practical effect as an injunction. *See Hoopes Vineyard, LLC v. Cnty. of Napa*, 2026 WL 983123, at *2 (9th Cir. Apr. 13, 2026) (memorandum opinion). The common-law claim, like the constitutional claims, amounts to "a challenge to the state proceeding as a whole" and granting relief on it would "invalidate the basis for the code-violation enforcement proceedings." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1049 (9th Cir. 2019).

The remaining question is whether the Court should stay or dismiss the case. *Gilbertson* holds that stays are more appropriate where, as here, federal plaintiffs seek only damages. *See* 381 F.3d at 981–82. There, however, the Ninth Circuit also suggested that dismissal may still be

appropriate where the claim "is plainly frivolous" or where "a serious affront to the interests of federalism could be averted in no other way." *Id.* at 982 fn. 18 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 733 (1996) (Kennedy, J. concurring). While Defendants urge dismissal on these grounds, the Court disagrees that the case is plainly frivolous on the merits, nor does it believe that the case presents such an egregious challenge to federalism.[7] Moreover, Ninth Circuit courts typically stay such cases rather than dismiss them. *See Gilbertson*, 381 F.3d at 982–84 ("when damages are at issue rather than discretionary relief," a stay is more appropriate than dismissal); *see also Fishback v. Edmiston*, 2019 WL 7865181, at *7 fn. 6 (C.D. Cal. Aug. 28, 2019) (staying rather than dismissing case under *Younger* abstention in Section 1983 case challenging land use proceeding); *Hoopes Vineyard LLC v. Cnty. of Napa*, 2025 WL 948064, at *6 (N.D. Cal. Mar. 28, 2025), *aff'd in part, rev'd in part on other grounds and remanded*, 2026 WL 983123 (9th Cir. Apr. 13, 2026) (staying Section 1983 damages claims under *Younger*). The Court therefore stays the case pending the resolution of the related state action, *Skagit Co. v. Larry Jensen and Tulip Valley Farms LLC*. And because the Court determines that a stay is appropriate, the Court does not reach Defendants' Rule 12(b)(6) argument. *See Harrison v. Cap. Grp. Companies, Inc.*, 2009 WL 3272071, at *5 (C.D. Cal. Oct. 9, 2009) (declining to reach 12(b)(6) arguments because "a stay in this matter is appropriate" considering *Younger* and other abstention doctrines).

---

[7] Defendants argue that this action is an attempt to use claim preclusion against a future ruling in the state case against them. Dkt. # 18 at 16 (citing *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655, 659 (9th Cir. 2020)). Defendants contend that this "use of federal courts is an affront to our federalist system," requiring dismissal. *Id.* But Defendants identify no authority where a court found that such a maneuver amounts to such an affront.

## IV

## CONCLUSION

For the reasons above, the Court DENIES Defendants' motion to dismiss, Dkt. # 18, and STAYS this matter until the conclusion of the related state case *Skagit Co. v. Larry Jensen and Tulip Valley Farms LLC*, cause number 23-2-00625-29, in the Superior Court for Skagit County.

Dated this 22nd day of July, 2026.

John H. Chun

John H. Chun
United States District Judge